UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL WRIGHT,

        Petitioner,               Case No. 12-CV-14164
                                               HON. ARTHUR J. TARNOW

v.

STEVEN RIVARD,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR STAY PENDING APPEAL

Michigan state prisoner Nigel Wright filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree murder and carrying a concealed weapon. On May 28, 2105, the Court issued an Opinion and Order Conditionally Granting Petition for Writ of Habeas Corpus. The Court ordered that, unless the state scheduled a new trial within 120 days, Petitioner must be unconditionally released. Now before the Court is Respondent's "Motion for Immediate Consideration and Motion for Stay Pending Appeal."

Rule 23(c) of the Federal Rules of Appellate Procedure provides that when a decision ordering the release of a prisoner is on appeal, the prisoner must be released unless the court orders otherwise. This rule creates "a presumption of release pending appeal where a petitioner has been granted habeas relief." *O'Brien v. O'Laughlin*, 557 U.S. 1301 (2009), *citing Hilton v. Braunskill*, 481 U.S. 770, 774 (1987), Fed. Rule App.

Proc. 23(c).  This presumption can be overcome if the factors governing the issuance of a stay weigh in favor of granting a stay.  *Id.*  In deciding whether to stay an order granting habeas corpus relief pending appeal, a federal court should consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Hilton*, 481 U.S. at 776.

The Court may also consider the risk that a petitioner may pose a danger to the public if released.  *Id.* at 777.  Also to be considered is the state's interest in "continuing custody and rehabilitation pending a final determination of the case on appeal. . . ; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served."  *Id.*  The ultimate determination "may depend to a large extent upon determination of the State's prospects of success in its appeal."  *Id.*  Where the state establishes a strong likelihood of success on the merits, or demonstrates a substantial case on the merits, continued custody is permissible if the State will be irreparably injured absent a stay and the public interest counsels in favor of a stay.  *Id.* at 778.  Where the state fails to make such a showing, the stay should be denied.  *Id.*

Under the first *Hilton* factor, the Court must consider whether the State has made a strong showing that it is likely to succeed on the merits. Respondent argues that the appeal is likely to succeed on the merits because the Confrontation Clause claim was procedurally defaulted and the Court failed to apply AEDPA deference to the state court's decision affirming Petitioner's convcitions. To the contrary, the Court addressed the procedural default issue and held that defense counsel's ineffectiveness and the resulting prejudice excused the default. In addition, the Court gave appropriate deference to the state court's decision as required by AEDPA.

Second, the Court must consider whether the State will be irreparably injured absent a stay. Respondent argues that Petitioner presents a flight risk and his release would pose a real and substantial danger to the public. First-degree murder is a gravely serious offense for which Petitioner is serving a life sentence. Thus, the remaining portion of the sentence to be served is indeed long. Further, it would be a waste of limited judicial resources for the State to retry Petitioner while simultaneously appealing this Court's order to the Court of Appeals.

Third, the Court must consider whether issuance of a stay will substantially injure Petitioner. While the Court notes that Petitioner may be injured by his continued confinement pursuant to a conviction this Court has found to be constitutionally infirm, such continued confinement will be addressed separately through a request for bond by Petitioner.

Finally, the fourth *Hilton* factor requires consideration of where the public interest lies. The public has a dual and sometimes competing interest in the State's sentences being enforced and in the State not incarcerating individuals in violation of the United States Constitution. The public also has an interest in being protected from dangerous individuals.

The Court finds, under the facts of this case, that Petitioner's and Respondent's divergent interests are best reconciled by granting the motion for stay pending appeal.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Immediate Consideration and Motion for Stay Pending Appeal [dkt. #21] is **GRANTED** and this Court's Opinion and Order Conditionally Granting Petition for Writ of Habeas Corpus is **STAYED PENDING DISPOSITION OF APPEAL** pending in the United States Court of Appeals for the Sixth Circuit.

**IT IS FURTHER ORDERED** that, if the Sixth Circuit Court of Appeals affirms this Court's judgment conditionally granting a writ of habeas corpus, the stay shall automatically be lifted and the State must schedule a new trial within **120 DAYS** of the disposition of the appeal or Petitioner shall be unconditionally released.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 10, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 10, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant